CHARLES H. REYNOLDS, Respondent, *v.* ALBERT HAYWOOD and Another, as Executors, etc., of RUFUS HAYWOOD, Deceased, Appellants.

*Malicious prosecution — evidence of a second attempt to indict, not charged in the complaint — an objection to evidence must state the grounds thereof.*

In an action to recover damages for a malicious prosecution, it is proper, on the question of the malice of the defendant, to show that at a time prior to the commencement of the action he made a second attempt to indict the plaintiff, although but one cause of action, based upon a previous presentation to the grand jury of a charge against the plaintiff, be stated in the complaint.

Where a person was manifestly engaged in attempting to use a criminal process to enforce the collection of a civil debt, it is competent, upon the trial of an action brought against him for malicious prosecution, to show what his agent said and did in carrying out his instructions.

Where no specific objection was made to the admission of incompetent evidence upon the trial of an action, and no grounds of objection were stated in regard to the same, the reception thereof cannot avail the appellants upon an appeal.

Although immaterial evidence be admitted upon the trial of an action, it may not be of sufficient importance to justify, upon appeal, a reversal of the judgment rendered.

APPEAL by the defendants, Albert Haywood and another, as executors, etc., of Rufus Haywood, deceased, from a judgment of the County Court of Chautauqua county in favor of the plaintiff, entered in the office of the clerk of the county of Chautauqua on the 25th day of July, 1893, upon the verdict of a jury for $500, with notice of an intention to bring up for review on such appeal an order or interlocutory judgment entered in said clerk's office on the 11th day of August, 1893, denying the defendants' motion for a new trial made upon a case and exceptions.

*George Barker*, for the appellants.

*J. G. Record*, for the respondent.

LEWIS, J. :

This action was brought against the decedent, Rufus Haywood, to recover damages for malicious prosecution in causing the arrest and imprisonment of the plaintiff upon the charge of grand larceny.

Plaintiff recovered a verdict. The defendant Haywood, after the recovery of the verdict, died. By an order of the court, his executors were substituted as defendants and brought this appeal.

The appellants rely for a reversal of the judgment upon exceptions taken by the defendant at the trial to the reception of evidence offered by the plaintiff. But one cause of action for malicious prosecution was stated in the plaintiff's complaint, and that consisted in the defendant causing the plaintiff's arrest and examination before the magistrate on the charge of grand larceny, and the presentation thereafter of the same charge to a grand jury in the county, the complaint being there dismissed. The plaintiff was permitted, over the objection of the defendant, to show that after once presenting the charge against the plaintiff to a grand jury of the county, the defendant again presented the same charge against the plaintiff to another grand jury. This evidence was objected to " on the ground that it is not alleged in the answer." It is claimed by the appellants

that notwithstanding it appears that in making the objection the word "answer" was used instead of the word "complaint," that we must assume that the objector intended to use the word "complaint," and that it must have been so understood by the court at the time. Assuming this to.be so, it is quite doubtful if the form of the objection was such as to avail the defendants. It was competent to show on the question of malice of the defendant that at a time prior to the commencement of the action he made a second attempt to indict the plaintiff.

It does not appear from the record when the action was in fact commenced, and the ground of the objection not being that the second appearance before the grand jury was after the commencement of the action, it must be held that the objection was not sufficiently specific to avail the defendant upon appeal. The defendant placed the warrant for the arrest of the plaintiff in the hands of the officer Lake and directed him that in case he could induce the plaintiff to pay or secure a demand the defendant had against the plaintiff, he need not execute the warrant. Plaintiff was permitted, against the objection of the defendant, to prove what the officer Lake said to the plaintiff and others who were present at the time of the arrest, as ·to what he was instructed by the defendant to do, or not to do, provided the plaintiff would pay or secure the debt. Most of the evidence complained of was competent as bearing upon the question of the defendant's malice. He was manifestly engaged in an attempt to use the criminal process to enforce the collection of a civil debt, and it was competent to show what his agent Lake said and did in carrying out his instructions. Lake, in the course of the conversation, made statements as to the kind of man Haywood was, which were not competent evidence, but no specific objection was made to this evidence, no grounds of the objections were stated, and, therefore, they cannot avail the defendants upon this appeal. The evidence that Haywood appeared to be angry at the trial of a civil action between the parties was not material, but it was not of sufficient importance to justify a reversal of the judgment.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.